JS-6     O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VIDA NEGRETE, as Conservator for EVERETT E. OW, an Individual and on Behalf of All Similarly Situated Persons,<br><br>      Plaintiff,<br><br> vs.<br><br>FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, a Maryland corporation,<br><br>      Defendant. | No. CV-05-6837-CAS-MANx<br><br><u>CLASS ACTION</u><br><br>FINAL ORDER AND JUDGMENT |

Based on the submissions of the parties, including their oral presentations at the Fairness Hearing, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Final Order and Judgment incorporates and makes part hereof: (a) the Parties' Settlement Agreement, filed December 30, 2009, including Exhibits A to F (collectively the "Settlement Agreement"); (b) the Court's findings and conclusions contained in its Findings and Order Preliminarily Approving Settlement and Directing Issuance of Notice to the Class ("Preliminary Approval Order"); and

- 1 -

518010_1

1  (c) the Court's findings and conclusions contained in its Findings and Order Approving Supplemental Mailing of Class Notice ("Order Approving Supplemental Mailing"). All defined terms in this Final Order and Judgment shall have the same meanings as in the Settlement Agreement.

2. The Court has personal jurisdiction over all Class Members, and the Court has subject matter jurisdiction over the claims asserted in this action including, without limitation, jurisdiction to approve the Settlement and that venue is proper.

3. The Settlement Agreement is fair, reasonable and adequate, and consistent and in compliance with the applicable provisions of the United States Constitution, its Amendments, and the Federal Rules of Civil Procedure, as to, and in the best interests of, the Class.

4. The Parties and their counsel shall implement and consummate this Settlement according to its terms and provisions.

5. The Settlement Agreement is binding on, and has *res judicata*, claim preclusive and issue preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Settlement Agreement and the Release maintained by or on behalf of Plaintiff and all other Class Members, as well as their heirs, executors, beneficiaries, personal representatives, conservators and administrators, predecessors, successors and assigns.

6. The Class defined in the Settlement Agreement and conditionally approved in the Court's Preliminary Approval Order is hereby finally certified for settlement purposes. A list of those persons who have requested exclusion from the Class in accordance with the terms of the Settlement Agreement, the Preliminary Approval Order, and the Order Approving Supplemental Mailing has been filed with the Court, and those persons are hereby excluded from the Class.

7. The Class Notice Package and all other instruments provided to Class Members pursuant to this Agreement:

   (a) constituted the best practicable notice, under the circumstances;

- 2 -

518010_1

       (b)    constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing;

       (c)    was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and

       (d)    met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments.

8. Class Counsel and the Plaintiff adequately represented the Class for purposes of entering into and implementing the Settlement.

9. The Action, including all individual claims and Class claims presented thereby, is dismissed on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement.

10. The Release set forth in the Settlement Agreement, Section X, is incorporated herein and effective as of the date of the Final Order and Judgment, and forever discharges the Releasees from any claims or liabilities arising from or related to the Released Claims.

11. All Class Members and/or their representatives who have not been excluded from the Class are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit (including putative class action lawsuits), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction that arises from or is related to the Released Claims.

12. All Class Members and all persons in active concert or participation with Class Members are permanently barred and enjoined from organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing, as a purported class action, any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a

pending action) based on or relating to the claims, causes of action, or the facts alleged in the Action or the Released Claims.

13. The Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Settlement that are consistent with the Final Order and Judgment, and do not limit the rights of Class Members under the Settlement Agreement.

14. OM and the Administrator are authorized, if OM so chooses, in consultation with Class Counsel and without approval from the Court, to implement the Settlement prior to the Implementation Date, in which case all provisions in the Settlement Agreement that specify actions to be taken on or after the Implementation Date shall, to the extent necessary, be deemed to provide that those actions shall be taken on or after the date on which the Administrator or OM elects to implement the Settlement Agreement.

15. In the event OM determines to implement the Settlement prior to the Implementation Date, any appeal must be preceded by: (a) a request for a stay of implementation of the settlement; and (b) the posting of an appropriate bond. Absent satisfaction of each of these requirements, OM is authorized to proceed with implementation of the Settlement, even if such implementation would moot the appeal.

16. Class Counsel are hereby awarded attorneys' fees in the amount of $5 million. This amount, stipulated to in the Settlement Agreement as the Class Counsel Payment, covers any and all claims for attorneys' fees and expenses incurred by any and all counsel for Plaintiff and the Class in connection with the settlement of the Action and the administration of such settlement. Such payment is to be provided by OM to Bonnett, Fairbourn, Friedman & Balint, P.C. and Robbins Geller Rudman & Dowd LLP on the Implementation Date. Bonnett, Fairbourn, Friedman & Balint, P.C. and Robbins Geller Rudman & Dowd LLP, in their sole discretion, shall allocate and distribute the Class Counsel Payment among the Class Counsel.

518010_1

17. The Court awards Plaintiff $10,000 as a service award for participation as the class representative in the action. OM will pay the service award in addition to any benefits that Plaintiff is entitled to receive as a Class Member. OM will pay the service award on the Implementation Date.

18. Without affecting the finality of the Final Order and Judgment for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and the Final Order and Judgment, and for any other necessary purpose.

19. Neither this Final Order and Judgment, nor the Settlement Agreement, nor any other document referred to herein or therein, nor any action taken to carry out this Final Order and Judgment is, may be construed as, or may be used as an admission or concession by or against OM of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings relating to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to OM's denials or defenses, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided however, this Final Order and Judgment and the Settlement Agreement may be filed in any action against or by OM or Releasees (as defined in the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim to the extent allowed by law.

20. All of the claims asserted in this Action, and those that could have been asserted, are hereby dismissed on the merits and with prejudice, without fees or costs

to any party except as otherwise provided in the Settlement Agreement or this Final Order and Judgment.

      Let Judgment Be Entered Accordingly.

      SO ORDERED this 19th day of April, 2010.

*Christina A. Snyder*

THE HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE